IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WAYNE BUTLER,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC<br><br>Defendants. | §<br>§<br>§<br>§  CIVIL ACTION NO. 6:17-cv-133<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

WAYNE BUTLER ("Plaintiff") files this Original Complaint and Jury Demand against General Motors, LLC ("Defendant"). In support hereof, Plaintiff respectfully shows the Court as follows:

## I.
## PARTIES AND JURISDICTION

1.      Plaintiff, Wayne Butler, is an individual residing in Harker Heights, Bell County, Texas.

2.      Defendant, General Motors, LLC, is a non-resident Delaware Corporation engaged in and doing business in Texas. General Motors, LLC may be served through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-4234.

## II.
## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different U. S. states, and the amount in controversy exceeds $75,000 excluding interest and costs.

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**                                                                                                1

4. Defendant conducts business in the State of Texas and has purposefully availed itself of the privilege and benefit of placing its products into the stream of commerce in the State of Texas

5. Specifically, Defendant manufactures products that are routinely sold in the Western District of Texas, Waco Division.

6. Defendant purposefully markets and sells its products in the Western District of Texas, Waco Division, to derive profit and has, in fact, derived profits from the sale of its products in the Western District of Texas, Waco Division.

7. In the future, Defendant intends to continue marketing, selling and distributing its products in the Western District of Texas, Waco Division.

8. This civil action directly results from Defendant's marketing, sale, and distribution of its products in the State of Texas.

9. Defendant is therefore subject to general and specific personal jurisdiction in the State of Texas, and this Court's exercise of personal jurisdiction satisfies due process.

10. Furthermore, as a corporation, Defendant resides in any judicial district in which it is subject to personal jurisdiction at the time a civil action commences. 28 U.S.C.§ 1391(c). For venue purposes, Defendant resides in the Western District of Texas because it is subject to personal jurisdiction in the Western District of Texas.

11. The incident giving rise occurred in Bell County and the Western District of Texas Waco Division serves Bell County.

12. Therefore, venue is proper in the Western District of Texas because, pursuant to 28 U. S. C. § 1391(c), Defendant is deemed to reside in the Western District of Texas.

## III.
## FACTS & BACKGROUND

13. Defendant, General Motors, LLC, designed, tested, manufactured, marketed, and sold the 2008 Chevrolet Silverado (VIN: 1GCJK33688F112375) (the "vehicle") and its component parts for profit in the State of Texas.

14. This case concerns Defendant's design, manufacture and sale of a device that is extremely dangerous, particularly to any individuals with a sensory deficit in their lower body. Plaintiff is such a person.

15. Plaintiff is a paraplegic, with loss of function and loss of sensation in his lower back, buttocks and legs. The loss of function and sensation greatly impairs his ability to sense and respond to the dangerously high temperatures generated in the Chevrolet Silverado pick up truck's electrically heated driver's seat. On or about August 31, 2015, Plaintiff picked up his vehicle where it was being serviced. Plaintiff drove home in traffic which took approximately 30 minutes.

16. The subject vehicle Plaintiff was driving was equipped with a seat heating system.

17. Unbeknown to Plaintiff, the seat heater was turned on at some point.

18. On or about August 31, 2015, while driving the subject vehicle, Wayne Butler suffered severe burns from the seat heating system in the subject vehicle in and around Bell County, Texas. The seat heating system generated dangerously high temperatures in excess of 130 degrees.

19. Because of the described injuries, Wayne Butler has required medical care, including the services of hospital, clinics, physicians, nurses, therapists, and technicians, medical supplies and medications.

20. At all relevant times, Plaintiff was operating the vehicle in a foreseeable manner.

## IV.
## CAUSES-OF-ACTIONS: 402(A) STRICT LIABILITY & NEGLIGENCE

21. It was entirely foreseeable to and well known by Defendant GM, and the predecessors for which it has assumed liability, that burn injuries like the one that occurred herein would take place in the ordinary and foreseeable use of the vehicle.

22. The vehicle was defectively designed, manufactured, marketed, and distributed, and it was unreasonably dangerous because:

   a. The seat heating system generates dangerously high temperatures which can produce serious burn injuries to a person using the heater;

   b. The seat heating system lacks an adequate safeguard and devices to prevent it from reaching unsafe temperatures; and

   c. The warnings and instructions fail to adequately warn or instruct consumers about the hazards associated with the seat heating system.

23. No aspect of the vehicle's seat heating system design and/or warnings relating to the seat heating system comply with any mandatory safety standards or regulations adopted or promulgated by the federal government, or an agency of the federal government that were applicable to the seat heating system design and/or warnings at the time the product was manufactured that caused the injuries and damages to Mr. Butler.

24. Additionally, and in the alternative, any existing federal standards or regulations which may generally apply to the seat heating system design or warnings were inadequate to protect consumers like Mr. Butler.

25. There were technologically and economically feasible safer alternative designs and warnings, including simple systems such as those described in Volvo and Mercedes Benz owner's manuals that date as far back as 1983 that automatically shut off once cabin temperature reaches certain temperatures, systems that automatically shut off once surface temperature reaches 105 degrees Fahrenheit, or other systems that automatically time out the system before burns could

**4**
**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

occur. These safer designs and warnings would have prevented or significantly reduced the risk of injuries to Mr. Butler without substantially impairing the utility of the product and increasing the risk of other injuries.

26. At no time did Mr. Butler know, or have reason to suspect, that the seat heating system in the subject vehicle was unreasonably dangerous.

27. The defective and unreasonably dangerous seat heating system design and warnings were a producing cause of Mr. Butler's injuries and the damages to Plaintiff.

28. GM, and the predecessors for which it has assumed liability, had a duty to exercise ordinary care as a designer and manufacturer of automobiles in safely designing, manufacturing, and marketing only seat heating system designs that were not defective and/or unreasonably dangerous for their foreseeable use.

29. GM, and the predecessors for which it has assumed liability, breached its duty of care by:

- a. failing to adequately monitor the performance of its prior model seat heating system designs and warnings in vehicles in the field to ensure that they were reasonably minimizing seat burn injuries and deaths;
- b. designing or distributing the vehicle model with a seat heating system design that was intended to meet the minimum and inadequate government regulations, instead of safely designing the seat heating system design and warnings to reasonably minimize burn injuries and deaths;
- c. failing to adequately test the model seat heating systems and warnings to ensure they reasonably minimized burns; and
- d. failing to recall, retrofit, or issue a post-sale warning after GM knew, or should have known, that the product was defectively designed and marketed, pursuant to 49 U.S.C.A. 30118(c).

30. GM's negligence was a proximate cause of the injuries and damages to Mr. Butler.

## V.
## DAMAGES FOR PLAINTIFF

31. As the result of Defendants' acts and/or omissions, Mr. Butler has sustained the following injuries and damages, both in the past and, in all reasonable probability, in the future:

    1. medical care expenses in the past and future;

    2. physical impairment in the past and future;

    3. disfigurement in the past and future;

    4. physical pain in the past and future;

    5. mental anguish in the past and future; and

    6. pecuniary damages, including loss of earnings and earning capacity, and the ability to conduct household tasks and other aspects of personal care and services.

## VI.
## JURY DEMAND

32. Plaintiff respectfully requests that a jury be impaneled to decide the factual issues of this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendant, for those damages described above and in the full amounts allowed by law, specifically including, but not limited to:

    a. a judgment in excess of the jurisdictional limits of this Court;

    b. pre-judgment interest;

    c. post-judgment interest;

    d. costs and expenses; and

    e. all such other relief, whether at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully Submitted,


**/s/ Andrew L. Payne**
**Andrew L. Payne**
State Bar No. 00791416
**PAYNE MITCHELL LAW GROUP, L.L.P.**
3500 Maple Avenue, Suite 1250
Dallas, Texas  75219
Telephone:   (214) 252-1888
Telecopier:   (214) 252-1889
Andy@paynemitchell.com


**ATTORNEY FOR PLAINTIFF WAYNE BUTLER**

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**